**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MICHAEL R. MYERS, : | |
| : | Civil Action |
| Plaintiff, : | 06-1921 (WJM) |
| : | |
| v. : | **O P I N I O N** |
| : | |
| LYDELL B SHERRER et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

    MICHAEL R. MYERS
    #421080, Plaintiff Pro Se
    Northern State Prison
    Newark, New Jersey  07114

**WILLIAM J. MARTINI**, District Judge

    Plaintiff MICHAEL R. MYERS (hereinafter "Plaintiff"), a prisoner incarcerated at the Northern State Prison, Newark, New Jersey, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the absence of three dismissals within 28 U.S.C. § 1915(g), the Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file Plaintiff's complaint (hereinafter "Complaint"); (3) assesses the $250.00 filing fee

against Plaintiff;[1] (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account and to forward same to the Clerk of the Court, when funds exist; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b). Having reviewed Plaintiff's allegations, the Court dismisses Plaintiff's claims.

## BACKGROUND

Plaintiff's Complaint is preceded by a cover letter (hereinafter "Cover Letter") signed by Plaintiff and reading as follows:

> District Court Request to File a Late Complaint
> William T. Walsh, Clerk of Court
> This is a letter to your court to ask permission to file a complaint a late complaint to your court. Reason for

---

[1] "The clerk of each district court shall require the parties instituting any civil action . . . in such court . . . to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a). However, the filing fee requirement of $250.00 had effect until April 9, 2006, when the filing fee was increased to $350.00. See id. Since the Court received Plaintiff's Complaint on April 24, 2006, the filing fee applicable to Plaintiff's Complain should be $350.00. However, since: (1) Plaintiff asserts that Plaintiff filed his Complaint on January 15, 2006, (2) Plaintiff signed his Complaint on January 15, 2006, and (3) Plaintiff submitted his Complaint for filing to a third party on April 5, 2006, this Court gives Plaintiff benefit of the doubt and assesses the filing fee applicable as of April 5, 2006.

> this <u>request</u>, is because in this prison it is very <u>difficult</u> to <u>file.</u> [K]nowing that the matter is dealing with this <u>facility</u>. This complaint will be filed by my mother. If I can push this complaint throw your court, please <u>contact</u> her at [name, address].

Cover Letter (capitalization removed, emphasis in original).

Plaintiff asserts that he was wronged by: (1) his classification as an inmate subject to incarceration in a maximum security facility;[2] and (2) failure of prison officials to protect Plaintiff from being stubbed by another inmate in violation of Plaintiff's Eighth Amendment rights. Specifically, Plaintiff alleges that he was so classified on August 18, 2002, and that he was stabbed on June 30, 2002. <u>See</u> Compl. at 6 ("Statement of Claims"). Plaintiff names Lydell B. Sherrer, John Stafford and I. Jackson as Defendants[3] and seeks monetary damages.

### **STANDARD OF REVIEW FOR SPONTE DISMISSAL**

The <u>in forma pauperis</u> statute, as amended by the Prison

---

[2] Plaintiff's classification allegedly occurred on August 18, 2002. <u>See</u> Compl. at 6 ("Statement of Claims"). The United States Supreme Court has held that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976); <u>James v. Reno</u>, 39 F. Supp. 2d 37, 40 (D.D.C. 1999) (citation omitted) (a federal inmate "has no liberty interest in his security classification").

[3] Plaintiff alleges that the classification at issue was executed by Lydell B. Sherrer, while the stabbing at issue was a result of John Stafford and I. Johnson's conduct. <u>See</u> Compl. at 6.

Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." Swierkiewicz v. Soreman, 534 U.S. 506 511 (2002); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement of the claim

must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**DISCUSSION**

**A.   Applicable Statute of Limitations**

Plaintiff asserts violation of his Eighth Amendment rights under 42 U.S.C. § 1983.[4] The statute of limitations on civil

---

[4]

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his

rights claims is governed by New Jersey's two-year limitations period for personal injury. See Goodman v. Lukens Steel Co., 482 U.S. 656, 661-62 (1987); Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, ___ F.3d ___, 2006 WL 590357 *1 (3d Cir. March 13, 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

New Jersey's statute of limitations for personal injury claims requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action."  Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)). Under federal law governing the accrual of claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983

---

federal constitutional rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

action."[5]  Montgomery, 159 F.3d at 126 (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

"Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed."  Oshiver v. Levin, 38 F.3d 1380, 1387 (3d Cir. 1994). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a [plaintiff] faces extraordinary circumstances that prevent him from filing a timely [complaint] *and* the [plaintiff] has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).

---

[5] However, this rule does not apply when a plaintiff brings a § 1983 action that, if successful, would demonstrate that the plaintiff's underlying criminal conviction or imprisonment is invalid. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Gibson v. Superintendent of N.J. Dep't of Law & Public Safety, 411 F.3d 427, 435 (3d Cir. 2005).  In that situation, the cause of action does not arise until the conviction or sentence is invalidated, and the statute of limitations does not begin to run until the time of such invalidation.  Heck, 512 U.S. at 489; Gibson, 411 F.3d at 435.

Mere excusable neglect is not sufficient. Id.; Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

In this case, Plaintiff alleges that Defendants violated his constitutional rights on June 30, 2002, by failing to supervise Plaintiff's confinement unit and, thus, allowing Plaintiff to be stubbed by another inmate. See Compl. at 6 ("Statement of Claims"). Hence, the statute of limitations began to run on June 30, 2002, and expired two years later on July 1, 2004, that is, at least a year and a half prior to January 15, 2006, the date when Plaintiff signed his Complaint.[6]

While Plaintiff contends that his filing was delayed because

---

[6] Plaintiff's non-viable classification claim, see note 2, infra, accrued on August 18, 2002. Hence, even if this claim were a viable one, the limitations period with respect to this claim expired on August 19, 2004, that is, about seventeen months prior to Plaintiff's signing of his Complaint.

"in this prison it [was] very difficult to file," see Cover Letter, this statement does not qualify Plaintiff for equitable tolling since neither the Complaint nor the Cover Letter alleges that Plaintiff faced any "extraordinary circumstances that prevent him from filing a timely [complaint]" nor suggests that Plaintiff "has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275-276.  Moreover, while Plaintiff's Complaint reached this Court only nineteen days after Plaintiff forwarded his application to Plaintiff's mother, the Complaint and the Cover Letter are silent as to any reason why Plaintiff could not have executed such forwarding to his mother during the period of limitations applicable to this action. Finally, since this Court's docket reveals that Plaintiff, while being confined at the very same correctional facility, that is, Northern State Prison, did in fact submit for filing two § 1983 actions in 2003, that is, during the time when his period of limitations with respect to the case at bar did not run, see Myers v. Collins and Lombardo, 2:03-cv-02965 (JAG) (received by this Court on June 16, 2003, deemed withdrawn on October 2, 2003, for failure to submit either Plaintiff's in forma pauperis application or the then applicable filing fee of $150.00), and Myers v. Conner and Crater, 1:03-cv-03088 (JEI) (received by this Court on June 30, 2003, deemed withdrawn on November 3, 2003, for failure to submit either Plaintiff's in forma pauperis application or the then

applicable filing fee of $150.00), this Court has no reason to conclude that Plaintiff had any difficulty with submitting his applications to this Court during the period at issue.[7]

**B.   Sua Sponte Dismissal of Time-Barred Applications**

This Court may dismiss the Complaint sua sponte under 28 U.S.C. § 1915A(b) as time-barred.  See Day v. McDonough,___ U.S. ____, 2006 U.S. LEXIS 3448 (Apr. 25, 2006).  The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants.  See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense).  While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), it is established in this circuit that a civil rights claim may be dismissed as time-barred on defendant's motion to dismiss where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Day, 2006 U.S. LEXIS 3448, at *8; Bethel, 570 F.2d at 1174 (citation omitted).  The Third Circuit explained the rule in the following passage:

> Under Fed.R.Civ.P. 8(c), the statute of

---

[7] The defendants names in these two actions are different from the Defendants named in Plaintiff's instant Complaint.

>       limitations constitutes an affirmative defense
>       to an action. Under the law of this and other
>       circuits, however, the limitations defense may
>       be raised on a motion under Rule 12(b)(6), but
>       only if the time alleged in the statement of a
>       claim shows that the cause of action has not
>       been brought within the statute of limitations
>       . . . .   If the bar is not apparent on the
>       face of the complaint, then it may not afford
>       the basis for a dismissal of the complaint
>       under Rule 12(b)(6).

Id. (citations and internal quotation marks omitted).

The Third Circuit has not considered whether a district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) where the time-bar is apparent on the face of the Complaint, but several federal circuits have permitted sua sponte dismissal under these circumstances.  See, e.g., Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Pino v. Ryan, 49 F.3d 51 (2nd Cir. 1995); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992); Street v. Vose, 936 F.2d 38 (1st Cir. 1991).  As the Fifth Circuit explained:

>       Although the defense of limitations is an
>       affirmative defense, which usually must be
>       raised by the defendants in the district
>       court, this court has held that the district
>       court may raise the defense sua sponte in an
>       action proceeding under 28 U.S.C. § 1915 . . .
>       Thus, where it is clear from the face of a
>       complaint filed in forma pauperis that the
>       claims asserted are barred by the applicable
>       statute of limitations, those claims are
>       properly dismissed pursuant to § 1915(d).

Gartrell, 981 F.2d at 256 (citations omitted).[8]

This Court holds that sua sponte dismissal is appropriate under 28 U.S.C. §1915(e)(2) and 1915A(b)(1) on statute of limitations grounds if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Const. Corp., 570 F.2d at 1174 (citation omitted). Applying this standard, the Court finds that dismissal of Plaintiff's claims is warranted because it is clear from the face of his Complaint that the claims are time-barred.

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's Complaint for failure to comply with the requirements of applicable period of limitations.

An appropriate Order accompanies this Opinion.

s/William J. Martini

**WILLIAM J. MARTINI**
**United States District Judge**

Date: September 6, 2006

---

[8] Section 1915(d) is the predecessor to § 1915(e)(2)(B).